KAYATTA, Circuit Judge,
(Concurring in part and Dissenting in part).
I agree with my colleagues that there was coverage under the Nova policy for the damage caused by water on September 6, 2008. I also agree that the dismissal of Fidelity’s other claims must be vacated. I respectfully disagree with my colleagues on only one point that affects the outcome of this case: I would hold that, because there would be no coverage here but for an amendatory endorsement for so-called flood coverage, the $25,000 deductible for coverage provided under that endorsement must apply.
The majority correctly concludes that a so-called “chain” or “train” of events caused the loss here: it rained, the rain backed up at the drain, and the backed-up water eventually pooled high enough to flow over the tops of the skylights. In reaching that conclusion, the majority also correctly concludes that the pooled water on the roof was surface water, not rain.
Under the original policy form, all three causes of the loss were excluded: Subparagraph l.e of paragraph D (labeled “Limitations”) excluded coverage for damage caused by rain; subparagraph l.f(3) of Paragraph C (labeled “Exclusions”) excluded coverage for water backed up from a drain; and subparagraph l.f(l) of that same Paragraph C excluded coverage for a flood of surface water.
The exclusions for the drain and surface water in Paragraph C (but not the limitation for rain in Paragraph D) were accompanied by a dual or “chain” cause provision stating as follows: “We will not pay for loss or damage directly or indirectly by [excluded causes]. Such loss or damage is excluded regardless of any cause or event that contributes concurrently or in any sequence to the loss or damage.” Under Massachusetts law, such language precludes application of the “efficient cause” doctrine to salvage coverage from the force of the exclusion. See Jussim v. Mass. Bay Ins. Co., 415 Mass. 24, 30-31, 610 N.E.2d 954 (1993).
As the majority notes, one amendatory endorsement deleted paragraph C.l.f(3); therefore, the exclusion for water backed up from a drain disappeared. That first amendatory endorsement, however, did not delete the exclusion under paragraph C.l.f(l) for damage caused by surface wa *42 ter. Therefore, even if one agrees, as I do, that the backed-up drain was a cause of the loss, there is no coverage under the original policy form, because the original policy language plainly excludes coverage from any loss caused by surface water, even in sequence with other, covered losses.
What rescues the owner is the separate amendatory coverage for floods that the owner also purchased. It covers damage caused by “the unusual or rapid accumulation or run-off of surface water from any source.” Unlike the amendment concerning the drain, the flood endorsement deletes nothing from the standard policy form. Rather, it simply renders inapplicable only such parts of the water exclusion in the standard policy that conflict with the flood endorsement (“that part of the Water Exclusion does not apply”).
Accordingly, coverage would not exist here but for the amendatory endorsement for flood coverage. And that coverage, as Fidelity admits, comes with a $25,000 deductible “for coverage provided under this endorsement.”